Perley M. LEWIS and Mildred C. Lewis, Appellants,

v.

Stewart L. UDALL, as Secretary of the United States Department of the Interior et al., Appellees.

No. 21167.

United States Court of Appeals
Ninth Circuit.

March 7, 1967.

John D. Lewis, Holman, Lewis, Mac-Arthur & Carver, Tempe, Ariz., for appellants.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, John G. Gill, Jr., Attys., Lands & Natural Resources Div., Dept. of Justice, Washington, D. C., William M. Copple, U. S. Atty., Richard S. Alleman, Asst. U. S. Atty., Phoenix, Ariz., for appellees.

Before JONES, Judge, U. S. Court of Claims, and BARNES and ELY, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from the entry of summary judgment against appellants. The district court's jurisdiction was based on 5 U.S.C. § 1009 and 28 U.S.C. § 1361; and this court's jurisdiction on 28 U.S.C. § 1291.

Under 43 U.S.C. § 1171 the Secretary of the Interior is authorized to sell certain isolated tracts of public land. The procedure for accomplishing this, however, provides that owners of contiguous land shall have the right to purchase the tract at the highest bid. The Secretary cannot sell any tract for less than the appraised value.

A sale was conducted under 43 U.S.C. § 1171 of 160.62 acres of public land in Maricopa County, Arizona. The high bid was $9,150, compared to the appraised value of $8,031. Appellants and three other owners of contiguous lands asserted their preferential rights and deposited with the Land Office the bid price of $9,150. The Phoenix Land Office manager declared appellants on December 4, 1959, to be qualified preference claimants. Appellants did everything necessary to complete the transactions and awaited the issuance of a cash certificate and patent to the land.

In February of 1960 the Secretary issued a press release in regard to safe-

guards against land speculation. On June 6, 1960, the manager of the Land Office in Phoenix vacated his December 4, 1959 decision as to the land in question and rejected all applications. One of the reasons given was that under the anti-speculation policy, land within the influence of expanding cities like that involved here, would not be classified as suitable for auction.

Appeal was taken to the Director of the Bureau of Land Management, who held that appellants could acquire no interest in the land until the issuance of a cash certificate, and, none having been issued, the sale could be, and was, properly vacated. This decision was appealed to the Secretary of the Interior.

More than three years after the appeal was taken, the Secretary handed down his decision which denied the land to the appellants.[1] Appellants then sought review of the decision under the provisions of the Administrative Procedure Act (5 U.S.C. § 1009). In the court below, motions were made by each side for summary judgment. Summary judgment was granted in favor of appellees, and the appellants have prosecuted this appeal.

Appellants have specified three substantive points as grounds for reversal:

(1) That it was error for the district court to hold that the Secretary of the Interior had discretion to accept or reject appellants' offer until issuance of a cash certificate;

(2) That it was error for the district court to find that the original sale was an auction with reserve; and

(3) That if an auction with reserve the district court erred in not finding that appellants had met the reserve.

In Ferry v. Udall, 336 F.2d 706 (9th Cir. 1964), we dealt with the proposed sale of an isolated tract under 43 U.S.C. § 1171. We answered each of appellants' first two challenges with unmistakable clarity:

(1) "The Isolated Tracts Act commits the decision to sell to the Secretary's discretion." 336 F.2d at 711.

(2) "However, in this kind of auction, as in any other, the auction is deemed to be conducted with reserve, unless there is an express announcement or advertisement to the contrary before the auction takes place." 336 F.2d at 710.

The only distinction offered by appellants to differentiate this case from Ferry v. Udall is that appellants claim rights under 43 U.S.C. § 315f.[2] By careful editing of that section appellants have misled only themselves. After classification of the land under 43 U.S.C. § 315f appellants clearly had a "preference right", but that right was one against other applicants for the land, not against the United States. The district court noted this in its reference to The Yosemite Valley Case, 82 U.S. 77, 21 L.Ed. 82, (1872), as cited in Willcoxson v. United States, 114 U.S.App.D.C. 203, 313 F.2d 884 (1963). The district court was correct in finding that there is no conflict between § 315f and § 1171. Appellants obtained no legal right to the land (as distinguished from a right of preference over other claimants) which would conflict with the Secretary's discretion to sell or not to sell under § 1171.

The third challenge offered by appellants is without merit. They say that even if the auction was with reserve, they met the reserve. Their contention is that the reserve was a cash certificate,

---

1. Appellants complain of certain intradepartmental communications while the appeal to the Secretary was pending. It seems that the Deputy Assistant Director of the Interior asked the Director of the Bureau of Land Management to reconsider the appraised value of the land as of the date of sale. Included with this request was an unsigned decision that the appraised value was too low. On a reap-praisal dated June 26, 1963 (almost four years after the sale), the date of sale value was set at $30,500, and the Secretary of the Interior affirmed the vacation of the sale on the basis that the bid price was below the fair market value of the land.

2. 43 U.S.C. § 315f is section 7 of the Taylor Grazing Act, and 43 U.S.C. § 1171 is section 14 of that Act.

and they have done all of the acts necessary for a cash certificate. But the acts performed toward getting a cash certificate are not the certificate itself.[3] Before the issuance of the cash certificate, regardless of what acts have been done, the applicant has no rights in the land against the United States.

As there was no genuine issue of material fact and the appellees were entitled to judgment as a matter of law, summary judgment in their favor was proper. Rule 56(c), Fed.R.Civ.P. The judgment is affirmed.

3. Appellants imply the contrary (Opening Brief, p. 34) by suggesting that 43 C.F.R. § 250.12 (1954 ed.) requires the issuance of the certificate once the acts have been done. But that section begins "When there has been full compliance with the regulations of this part, * * *." The "regulations of this part" would include § 250.5 (1954 ed.) which provides in part:

"However, until the issuance of a cash certificate, the authorized officer may at any time determine that the lands should not be sold, the applicant or any bidder has no contractual or other rights against the United States, and no action taken will create any contractual or other obligation of the United States."